UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONIBACH MANAGEMENT TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-600 |
| | § | |
| WARTBURG ENTERPRISES, INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER

Presently before the Court is Plaintiff Jonibach Management Trust, trading as Bumbo International's ("Bumbo"), Motion for Temporary Restraining Order and Expedited Preliminary Injunction (Doc. 3), as well as Defendant Wartburg Enterprises, Inc.'s ("Wartburg") response (Doc. 4). The Court held a hearing on March 1, 2010. Upon review and consideration of this motion and the relevant legal authority, and for the reasons explained below, the Court finds that Plaintiff's motion for preliminary injunction (Doc. 3) should be granted.

I. Background and Relevant Facts

Plaintiff Bumbo, a South African reseller of infant products, sells plastic baby seats to its U.S. distributor, Defendant Wartburg, which in turn supplies them to major retailers including Wal-Mart, Toys "R" Us, and Babies "R" Us. This relationship is governed by an oral distributorship agreement. Unfortunately, Bumbo and Wartburg's business relationship has soured over the past several months. Bumbo alleges that Wartburg has been habitually late in making payments. Wartburg says a product recall instigated the breakdown. At the hearing, Wartburg acknowledged that it owes money to Bumbo. Bumbo asserts approximately $1.3 million in unpaid invoices.

As a result of the deteriorating relationship between Bumbo and Wartburg, Bumbo threatened to engage another U.S. distributor. Wartburg retaliated by ceasing distribution of Bumbo's products to Wal-Mart, Toys "R" Us, and Babies "R" Us. Wartburg argues that once it purchases the baby products, it has no further obligations to Bumbo. Bumbo responds that the oral contract governing their relationship requires Wartburg to supply its major retailers.

Bumbo represents that its major retailers have approximately three weeks worth of stock remaining. Because Bumbo is based in South Africa, it cannot quickly import additional stock. Bumbo therefore requests a preliminary injunction requiring Wartburg to supply Wal-Mart, Toys "R" Us, and Babies "R" Us with the Bumbo products currently in Wartburg's inventory. Wartburg responds that it is under no obligation to do so, but is open to negotiating a settlement.

II. Legal Standards for Preliminary Injunctive Relief

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."); *Karaha Bodas Co. v. Negara*, 335 F.3d 357, 363 (5th Cir. 2003); *see also Khan v. Fort Bend Indep. Sch. Dist.*, 561 F. Supp. 2d 760, 763 (S.D. Tex. 2008). A preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has "clearly carried the burden of persuasion" on all four elements. *Lake Charles Diesel, Inc. v.*

*General Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003) (quoting *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

 The Court's jurisdiction to provide equitable relief, such as temporary restraining orders and preliminary injunctions, is limited. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999). Preliminary equitable relief, such as an injunction, is permitted where the final relief sought is equitable. If, however, the only relief sought is legal in nature, such as damages or the collection of a debt, equitable preliminary relief is not available. *Grupo*, 527 U.S. at 325.

III. Discussion

 Plaintiff Bumbo seeks the equitable relief of "specific performance to the extent that it is feasible." (Doc. 1 at 4.) The Court finds that there is substantial likelihood that Plaintiff Bumbo will succeed on the merits of its case. Bumbo and Wartburg had a clear course of dealing over several years that strongly suggests an enforceable oral distribution agreement. There is a substantial threat of irreparable harm to Bumbo, if its major retailers are not supplied with its products. The damage to Bumbo's business relationships with its major retailers will not be adequately compensated by an award of damages, and the potential injury to Bumbo far outweighs the potential for harm to Wartburg, if any. Finally, issuing a preliminary injunction in this case does no disservice to the public.

IV. Conclusion

 Accordingly, it is hereby ORDERED that Plaintiff Jonibach Management Trust's motion for preliminary injunction (Doc. 3) is GRANTED. The Court further

 ORDERS that Defendant Wartburg Enterprises, Inc. and all persons operating in concert with them are enjoined from selling or otherwise disposing of Plaintiff's products in their

possession to anyone other than Wal-Mart, Toys "R" Us, and Babies "R" Us. The Court further

ORDERS that Defendant Wartburg Enterprises, Inc. and all persons operating in concert with them distribute the Bumbo products in their possession in the following manner on a weekly basis until its stock is depleted, unless the retailers expressly request fewer units:

(1) first, to Wal-Mart at the rate of 4,500 Bumbo seats per week; and

(2) then, to Toys "R" Us at the rate of 4,100 Bumbo seats per week; and

(3) for all other Bumbo products, Wartburg must supply them to Wal-Mart and Toys "R" Us based on the retailers' requirements, up to the level at which Wartburg supplied them prior to the dispute between the parties.

The Court further ORDERS that Plaintiff Jonibach Management Trust post a bond in the amount of $2,000.00 for this Order to take effect.

The Court further REFERS this case to Magistrate Judge Frances H. Stacy for a scheduling conference for an expedited trial.

SIGNED at Houston, Texas, this 2nd day of March, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE