UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONIBACH MANAGEMENT TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-600 |
| | § | |
| WARTBURG ENTERPRISES, INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Presently before the Court is Third-Party Defendant Keen Distribution, LLC's ("Keen") Motion to Dismiss (Doc. 21) for failure to state a claim and lack of personal jurisdiction, as well as Defendant, Counterclaimant, and Third-Party Plaintiff Wartburg Enterprises, Inc.'s ("Wartburg") First Amended Third Party Complaint Against Keen (Doc. 30) and Notice that, pursuant to Federal Rule of Civil Procedure 15, its amended complaint is in lieu of a response to Keen's motion to dismiss (Doc. 32), Keen's Reply (Doc. 37), and Wartburg's surreply and request for entry of default (Doc. 40). Also pending before the Court is Plaintiff Jonibach Management Trust, trading as Bumbo International's ("Bumbo") Motion to Dismiss Wartburg's Counterclaim (Doc. 23) for failure to state a claim, as well as Wartburg's First Amended Counterclaim (Doc. 31) and Notice that, pursuant to Federal Rule of Civil Procedure 15, its amended complaint is in lieu of a response to Keen's motion to dismiss (Doc. 32), Bumbo's Reply (Doc. 35), and Wartburg's surreply and request for entry of default (Doc. 39). Upon review and consideration of these motion and the relevant legal authority, and for the reasons explained below, the Court finds that Keen's Motion to Dismiss should be granted and that Bumbo's Motion to Dismiss Wartburg's Counterclaim should be granted in part and denied in part.

I. Background and Relevant Facts

Plaintiff Bumbo, a South African reseller of infant products, sold plastic baby seats to its U.S. distributor, Defendant Wartburg, which in turn supplied them to major retailers including Wal-Mart, Toys "R" Us, and Babies "R" Us. This relationship was governed by an oral distributorship agreement under which Wartburg ordered and took possession of Bumbo's products in South Africa and then shipped the goods to the U.S. for distribution to major retailers. (Doc. 30 at 3.) As a result of the deteriorating relationship between Bumbo and Wartburg, Bumbo threatened to engage another U.S. distributor. Wartburg retaliated by ceasing distribution of Bumbo's products to Wal-Mart, Toys "R" Us, and Babies "R" Us. On March 2, 2010, the Court issued a preliminary injunction ordering Wartburg to distribute its remaining stock of Bumbo's products. (Doc. 8).

On March 12, 2010, Wartburg filed its third-party complaint against Keen for tortious interference with a contract. (Doc. 16.) Wartburg alleges that Keen was aware of Wartburg's contractual relationship with Bumbo, but nevertheless "approached Bumbo about taking over Wartburg's distribution relationships" and then "implemented a scheme to systematically and willfully destroy Wartburg's exclusive contractual relationship with Bumbo . . . ." (Doc. 30, ¶ 12.) Keen is an Arizona company with its principal place of business in Arizona. (Doc. 16, ¶ 6.) Keen does not have any business operations, bank accounts, offices, property, or employees in Texas. (Doc. 21-1.) Keen now moves to dismiss the complaint against it for failure to state a claim, lack of person jurisdiction in Texas, and improper venue. (Doc. 21.)

Also on March 12, 2010, Wartburg answered Bumbo's original complaint with counterclaims for breach of contract, fraud, and *quantum meruit*. (Doc. 15 at 5–9.) Bumbo moves to dismiss Wartburg's counterclaims for failure to state a claim upon which relief can be

granted. (Doc. 23.)

II. Legal Standards

    A. Failure to State a Claim

Rule 8(a)(2) requires the plaintiff to make a "short and plain statement of a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The function of a complaint is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies. *Doss v. S. Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544. 555 (2007)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). A plaintiff must allege sufficient facts to state a claim to relief that is "plausible" on its face. *Id.* at 569. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It is the court's responsibility to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Id.*

However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

### B.  Personal Jurisdiction

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss in cases where the court lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Federal courts use a two-part test to determine personal jurisdiction. "A federal district court sitting in diversity may exercise jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). The Fifth Circuit has determined that the Texas long-arm statute is "coextensive with the federal constitutional limits of due process and normally generates an inquiry limited to the scope of the Fourteenth Amendment's Due Process Clause." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008) (citing *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003)).

In determining whether a federal district court may exercise personal jurisdiction over a nonresident defendant, the court concentrates on whether the defendant has "minimum contacts"

with the forum state so as not to offend "traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts may be established through specific personal jurisdiction or general personal jurisdiction. If a cause of action arises out of a defendant's purposeful contacts with the forum state, minimum contacts are established, and the court may exercise specific personal jurisdiction. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). "Even a single, substantial act directed toward the forum can support specific jurisdiction." *Dalton*, 897 F.2d at 1361 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). There must, however, be some act by which the nonresident defendant "purposefully availed himself of the benefits and protections of the forum state's laws, so as reasonably to anticipate being haled into court there." *Dalton*, 897 F.2d at 1361 n. 1 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

When deciding whether to exercise specific jurisdiction over a nonresident defendant, the Court must find that (1) the defendant purposefully directed his activities toward the forum state; (2) the cause of action arises out of or results from those contacts; and (3) the exercise of personal jurisdiction comports with fair play and substantial justice. *Burger King Corp.*, 471 U.S. at 463. *Burger King* is instructive on the first element of specific jurisdiction. Jurisdiction is proper when the contacts "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state." *Burger King Corp.*, 471 U.S. at 475 (citing *McGee v. International Life Insurance Co.,* 355 U.S. 220, 223 (1957); *Kulko v. Superior Court of California In and For City and County of San Francisco*, 436 U.S. 84, 94 n. 7 (1978)). As *Burger King* went on to explain, if the defendant has deliberately engaged in significant activities

within the forum state, or has created "continuing obligations" between himself and forum state residents, then "he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Burger King Corp.*, 471 U.S. at 475–76 (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984); *Travelers Health Ass'n. v. Com. of Va. ex rel. State Corp. Com'n*, 339 U.S. 643, 648 (1950)).

With respect to the second element of specific jurisdiction, "[w]hen a controversy is related to or 'arises out of' a defendant's contacts with the forum, the Court has said that a 'relationship among the defendant, the forum, and the litigation' is the essential foundation of in personam jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (citing *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). For the third element of specific jurisdiction, if the plaintiff establishes minimum contacts between the nonresident defendant and the forum state, the burden then shifts to the defendant to show that it would be unfair and unreasonable for the court to exercise jurisdiction. *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 2008 WL 315293, at *8 (5th Cir. 2008) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)). Courts must consider the following five factors in determining whether it is fair and just to exercise personal jurisdiction over a defendant: "(1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies." *Moreno v. Poverty Point Produce, Inc.*, 243 F.R.D. 265, 272 (S.D. Tex. 2007) (quoting *Sarmiento v. Producer's Gin of Waterproof, Inc.*, 439 F.

Supp. 2d 725, 730 (S.D. Tex. 2006) (citing *Central Freight Lines*, 322 F.3d at 376)).

If a cause of action does not arise out of a nonresident defendant's purposeful contacts with the forum state, "due process requires that the defendant have engaged in 'continuous and systematic contacts' in the forum to support the exercise of 'general' jurisdiction over that defendant." *Dalton*, 897 F.2d at 1362 (citing *Helicopteros*, 466 U.S. 408). For a court to exercise general personal jurisdiction, the plaintiff must show that the minimum contacts between the nonresident defendant and the forum state are of a "more extensive quality and nature" than those required for specific personal jurisdiction. *Dalton*, 897 F.2d at 1362 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)).

The plaintiff, here counter-plaintiff, has the burden of making a *prima facie* showing that the court indeed has personal jurisdiction over a nonresident defendant. *Revell*, 317 F.3d at 469. In deciding whether it has personal jurisdiction, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* (citing *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). Additionally, the court "must accept the plaintiff's 'uncontroverted allegations, and resolve in [its] favor all conflicts between the facts contained in the parties' affidavits and other documentation.'" *Id.* (citing *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)).

III. Discussion

Keen acknowledges that Wartburg's "[a]mended Third-Party Complaint does appear to *allege* sufficient facts to survive" a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 37 at 1.) Instead, Keen argues that Wartburg fails to meet its burden of showing that Keen is subject to personal jurisdiction in this Court. (*Id.*) Wartburg responds that Keen engages in business activities in Texas by distributing products to retailers in Texas. (Doc. 30, ¶ 11.)

However, Keen is an Arizona company that does not have any business operations, bank accounts, offices, property, or employees in Texas. (Doc. 21-1.) Because Wartburg fails to make a *prima facie* showing that Keen engaged in substantial and continuous contacts with the State of Texas so as to subject it to general jurisdiction in the State, the Court finds that it lacks general jurisdiction over Keen.

Next, Wartburg argues that Keen tortiously interfered with a contract that was substantially performed in Texas. (Doc. 30, ¶ 12.) However, by its own admission, Wartburg purchased and took possession of the goods from Bumbo in South Africa and then had no further contractual obligation with respect to how the goods were distributed. (Doc. 4-1, ¶ 4.) Therefore, the Court finds that the contract was substantially performed in South Africa, not Texas. Because the Court lacks personal jurisdiction over Keen, Wartburg's amended third party complaint must be dismissed without prejudice. (Doc. 16.)

In its amended counterclaim, Wartburg alleges that Bumbo breached their agreement by refusing "to sell and/or provide its products to Wartburg for sale to Wartburg's customers[,]" demanding "that Wartburg only sell its inventory to certain retailers, *e.g.*, Wal-Mart, Toys "R" Us and Babies "R" Us, to the exclusion of Wartburg's other customers[,]" and "by taking over Wartburg's customer relationships." (Doc. 31, ¶ 37.) These allegations are sufficiently specific to survive a motion to dismiss.

To state an actionable fraud claim under Texas law, Wartburg must show that Bumbo made (1) a material representation; (2) that was false when made; (3) that Bumbo either knew the statement to be false or made the assertion without knowledge of its truth; (4) that Bumbo intended Wartburg to act on the statement; (5) that they actually relied upon the statement in so acting; and (6) that they were injured as a result. *Malacara v. Garber*, 353 F.3d 393, 403–4 (5th

Cir. 2003). Wartburg alleges that in January, 2008, "Bumbo's financial manager, Gerard Wegenaar, specifically told Wartburg that it would be Bumbo's exclusive distributor in the United States for Wal-Mart, Toys "R" Us, and Babies "R" Us, among others." (Doc. 31, ¶ 42.) However, Bumbo's Trustee and General Manager for International Sales, Christo Wagenaar, later stated in a declaration that "Wartburg was never given sole distributorship in the United States." (Doc. 3-2, ¶ 7.) Wartburg's entire fraud claim hinges on the ostensible conflict between these two statements, which Wartburg says shows that Wegenaar's statement was knowingly false. Bumbo replies that these two statements are not inconsistent, because "[b]eing an exclusive distributor for certain retailers and being a sole distributor for an entire country are completely different concepts." (Doc. 35 at 4.) The Court agrees that the statements are not *per se* indicative of fraud and Wartburg's fraud claim must therefore be dismissed. *See R2 Invs. LDC v. Phillips*, 401 F.3d 638, 641 (5th Cir. 2005).

Wartburg also cannot recover on its common law equitable claim for *quantum meruit*. Such relief is barred when a relationship is governed by a valid, enforceable, express contract. *Inglish v. Prudential Ins. Co. of Am.*, 928 S.W.2d 702 (Tex. App.—Houston [1st Dist.] 1996, *writ denied*) (*quantum meruit* and unjust enrichment are predicated on absence of express contract controlling the circumstances); *Tiger Truck, LLC v. Bruce's Pulp and Paper, LLC*, 282 S.W.3d 176, 184 (Tex. App.—Beaumont 2009, *no pet.*) ("Because a valid contract existed, the theory of promissory estoppel does not apply."); *Prince v. Miller Brewing Co.*, 434 S.W.2d 232, 240 (Tex. Civ. App.—Houston [1st Dist.] 1968,*writ ref'd n.r.e.*) (same); *Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) ("When a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement.").

Finally, all parties have appeared and answered the relevant complaints, counterclaims, and third-party claims, and there has therefore been no default. While neither Bumbo nor Keen filed documents entitled "Answer to Amended Complaint," both parties replied to the amended complaints. (Docs. 35 and 37, respectively.) The Court deems these replies sufficient answer. *See* 46 Am. Jur. 2d Judgments § 260; *Gonsalves v. Nissan Motor Corp. in Hawaii, Ltd.*, 100 Haw. 149, 58 P.3d 1196 (Haw. 2002); *Design Build of Maine v. Paul*, 601 A.2d 1089 (Me. 1992); *cf. Bristol Convalescent Hospital v. Stone*, 258 Cal. App. 2d 848, 66 Cal. Rptr. 404 (Cal. App. 4th Dist. 1968) (finding that such a default judgment was not void).

IV. Conclusion

Accordingly, the Court hereby **ORDERS** that Keen's Motion to Dismiss (Doc. 21) is **GRANTED**. Wartburg's claims against Keen are **DISMISSED** without prejudice. Wartburg's motion for entry of default against Keen (Doc. 40) is **DENIED**.

The Court further **ORDERS** that Bumbo's Motion to Dismiss Wartburg's Counterclaim (Doc. 23) is **GRANTED IN PART** and **DENIED IN PART**. Wartburg's counterclaims against Bumbo for fraud and *quantum meruit* are **DISMISSED**. The remaining counterclaim for breach of contract will need to be tried. Wartburg's motion for entry of default against Bumbo (Doc. 39) is **DENIED**.

SIGNED at Houston, Texas, this 17th day of February, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE