UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Wartburg Enterprises, Inc., §<br>*Plaintiff*, §<br>§<br>§<br>v. §<br>§<br>§<br>§<br>§<br>Jonibach Management Trust §<br>*Defendant.* § | | Civil Action No. 4:10-cv-600 |

**MOTION FOR INJUNCTION**

TO THE HONORABLE MELINDA HARMON, U.S. DISTRICT JUDGE:

Jonibach Management Trust, trading as Bumbo International, ("Bumbo") respectfully files this motion seeking injunctive relief against Wartburg Enterprises, Inc. ("Wartburg") under the All Writs Act. Specifically, the Court should enjoin Wartburg from suing Bumbo in state court for the very claims that the Court has dismissed when it partially granted Bumbo's 12(b)(6) Motion to Dismiss.

**I. INTRODUCTION**

This action started as a contract dispute between Bumbo and Wartburg. Wartburg was a supplier of Bumbo's products in the United States. After a disagreement between the parties led to the end of their business relationship, Wartburg indicated that it would not use its stock of Bumbo's products to meet the inventory needs of Bumbo's major retailers. Bumbo filed suit seeking specific performance and the issuance of a preliminary injunction, which the Court granted. [Dkt. 8].

Wartburg then filed a counterclaim against Bumbo asserting claims for breach of contract, fraud, and quantum meruit. [Dkt. 31]. The crux of Wartburg's contentions in the counterclaim was that Wartburg was to be the exclusive distributor of Bumbo's products in the United States with respect to certain retailers. [Dkt. 31 at 7-11]. Bumbo moved to dismiss Wartburg's counterclaim under Rule 12(b)(6). [Dkt. 23]. The Court recently granted Bumbo's Motion in part and dismissed Wartburg's fraud and quantum meruit claims. [Dkt. 87].

In November 2010, Bumbo International Trust filed suit against Wartburg in the 9th Judicial District Court of Montgomery County, Texas, in an effort to collect on unpaid invoices. *See* Ex. A, State Court Petition. Wartburg had ordered products from Bumbo and Bumbo had, as a direct result of Wartburg's order, provided the ordered products to Wartburg. Although Bumbo provided the products specifically ordered by Wartburg, Wartburg refused to pay for several of those orders. Through its state court action, Bumbo seeks to collect the amount of the unpaid purchase orders owed to it by Wartburg. Bumbo chose to proceed in state court because the simplified Suit on Sworn Account debt collection procedure afforded under the Texas Rules, but not available under the Federal Rules.

Shortly after answering the state court action, Wartburg filed an amended answer and asserted a counterclaim against Bumbo. *See* Ex. B, State Court Counterclaim. In the state court counterclaim, Wartburg asserts practically identical claims which it had asserted against Bumbo in this action. *See id*. As with Wartburg's counterclaim in this action, the state court counterclaim is based on the contention that Wartburg was supposed to be Bumbo's exclusive distributor with respect to certain retailers. *See id*. at 5-7. The state court counterclaim asserts the same breach of contract claim that is pending in this action and also re-asserts the fraud and quantum meruit claims that have been dismissed by this Court. *See id*.

## II. LEGAL STANDARD

The injunctive relief sought by Bumbo herein is authorized by the All Writs Act, 28 U.S.C. § 1651. The All Writs Act provides that federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act is to be read in conjunction with the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from interfering with state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

## III. ANALYSIS

The Court should enjoin Wartburg from maintaining and prosecuting its fraud and quantum meruit claims asserted in its state court action filed in the 9th Judicial District Court of Montgomery County, Texas.

The All Writs Act authorizes the Court to issue an injunction in aid of its jurisdiction and to prevent re-litigation of matters that have been decided by the Court. *See* 28 U.S.C. § 1651(a); *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 145-47 (1988). As explained by the Supreme Court, such injunctions are permitted to ensure the effectiveness and supremacy of federal law. *See Chick Kam Choo,* 486 U.S. at 146. Further, enjoining re-litigation prevents "the costly and judicially wasteful redetermination of issues" already decided by a federal court. *See Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 721 (5th Cir.1990).

Indisputably, Wartburg's state court counterclaim is the same counterclaim asserted in this action. *Compare* Dkt. 31 and Ex. B. Both counterclaims assert causes of action for breach of contract, fraud, and quantum meruit; both counterclaims stem from the termination of the distributorship arrangement between Bumbo and Wartburg, and are based on Wartburg's

contention that it was Bumbo's exclusive U.S. distributor.  *See* Dkt. 31 and Ex. B.  It takes only a cursory comparison to confirm that the federal and state counterclaims are, in fact, the same.

As stated above, on February 17, 2011, this court granted Bumbo's Motion in part, and dismissed Wartburg's federal court claims for fraud and quantum meruit.  [Dkt. 87].

Accordingly, the injunctive relief requested by Bumbo does not run afoul of the Anti-Injunction Act.  Enjoining Wartburg from asserting its fraud and quantum meruit claims in state court falls squarely within the re-litigation exception, because those claims have already been considered and dismissed by this Court.  28 U.S.C. § 2283; *Chick Kam Choo,* 486 U.S. at 147.  Further, a "dismissal for failure to state a claim, pursuant to Rule 12(b)(6), is with prejudice." *Sepulvado v. La. Bd. of Pardons & Parole*, 114 Fed. Appx. 620, 622 (5th Cir. 2004) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).  Moreover, a dismissal for failure to state a claim is a judgment on the merits for purposes of res judicata.  *Hall v. Hodgkins*, 305 Fed. Appx. 224, 228 (5th Cir. 2008).  Wartburg is seeking to re-litigate the claims previously dismissed with prejudice by the federal court.  That effort to re-litigate is essentially Wartburg seeking a do-over.  The Court should disallow Wartburg's claims, and the Court is empowered to prevent Wartburg's inappropriate re-litigation through a permissible injunction.  28 U.S.C. § 1651(a); 28 U.S.C. § 2281; *Chick Kam Choo,* 486 U.S. at 145-47; *Quintero*, 914 F.2d at 721.

### IV. REQUESTED RELIEF

Bumbo requests the Court to issue an injunction to enjoin Wartburg from pursuing its claims for fraud and quantum meruit in any other action, but specifically, in the State Court counterclaim that it recently filed in the 9th Judicial District of Montgomery County, Texas, attached hereto as Exhibit "B".

Furthermore, to avoid inconsistent state and federal rulings and unnecessary expense, which may result from efforts to resolve this matter through extensive motions in the state court

action, Bumbo hereby requests expedited consideration of this Motion.

## V. PRAYER

WHEREFORE, Jonibach Management Trust, trading as Bumbo International respectfully requests that the Court enter an Order enjoining Wartburg from pursuing its claims for fraud and quantum meruit in any other action, and specifically, in the State Court counterclaim that it recently filed in the 9th Judicial District of Montgomery County, Texas, and that Jonibach Management Trust, trading as Bumbo International be granted such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

**DOYEN SEBESTA, LTD., L.L.P.**

/s/ *Philip Robert Brinson*

_____

Philip Robert Brinson
Texas Bar No. 00787139
Federal Bar No.  16803
450 Gears Road, Suite 350
Houston, Texas 77067
Telephone: (713) 580-8900
Facsimile: (713) 580-8910
pbrinson@ds-lawyers.com

ATTORNEY FOR
JONIBACH MANAGEMENT TRUST