## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **WARTBURG ENTERPRISES, INC.** | § | |
| | § | **CASE NO.: <u>4:10-cv-00600</u>** |
| **Counter-Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JONIBACH MANAGEMENT TRUST** | § | |
| | § | |
| **Counter-Defendant.** | § | |

_____

### WARTBURG'S RESPONSE TO BUMBO'S MOTION FOR INJUNCTION AND MOTION FOR INJUNCTION AGAINST BUMBO

Wartburg Enterprises, Inc. ("Wartburg") opposes Jonibach Management Trust's ("Bumbo") Motion for Injunction and submits for the Court's consideration the following response in opposition. Additionally, Wartburg files this Motion for Injunction Against Bumbo.

### I.   OVERVIEW

1.       Despite suing Wartburg in state court for the very same breach of contract claim that was dismissed *with prejudice* by this Court in February 2011 [Doc. #86], Bumbo now seeks to enjoin Wartburg's state court counter-claims for fraud and quantum meruit under the All Writs Act. The Court's order dismissing Wartburg's claims for fraud and quantum meruit, however, was silent as to whether dismissal was with or without prejudice. Accordingly, Plaintiff seeks clarification of the Court's dismissal order as this will impact Wartburg's ability to pursue its claims in state court.

2.       Wartburg also seeks to enjoin Bumbo's state court claim for breach of contract filed in the 9th Judicial District of Montgomery County, Texas. Bumbo filed its first breach of

1

contract claim against Wartburg in February 2010 and sought a temporary injunction against Wartburg. [Doc. # 1; #3; #8] Bumbo then filed its second breach of contract claim against Wartburg in November 2010. Bumbo's breach of contract claims are based on the same nucleus of facts. In particular, both sets of breach of contract claims are premised on the distribution agreement between Bumbo and Wartburg and the shipment of Bumbo's products to Wartburg. On February 15, 2011, however, Bumbo's breach of contract claims were dismissed *with prejudice* from the first action. [Doc. #86] Therefore, Bumbo's current breach of contract action is barred by the doctrine of res judicata and the Court should enter an order enjoining Bumbo's state court lawsuit.

## II. BACKGROUND

3.    On February 25, 2010, Bumbo sued Wartburg, styled *Jonibach Management Trust v. Wartburg Enterprises*, Civil Action No. 4:10-00600, in the Southern District of Texas Houston Division (the "First Lawsuit").  [Doc. #1, *¶¶ 8-19*; Doc. # 9*, ¶¶ 8-19*] Indisputably, Bumbo sued Wartburg for breach of contract. In particular, Bumbo sued Wartburg for breach of the distribution agreement and claimed that Wartburg refused to supply its products to certain retailers in the United States. [Doc. #1; #2] Bumbo sought specific performance, expenses related to securing replacement products for its retailers, lost revenue, loss of future business and business opportunities, loss of business reputation and goodwill, and other incidental and consequential damages, and attorneys' fees. [Doc. #1*, ¶ 20*]

4.    In connection with suing Wartburg, Bumbo also moved for a temporary injunction that was granted on or about March 2, 2010. [Doc. #3; #8]

5.    On March 12, 2010, Wartburg filed a counterclaim against Bumbo for breach of contract, fraud, and quantum meruit. [Doc. # 15] In response to Bumbo's motion to dismiss, on

2

April 15, 2011, Wartburg filed amended counterclaims. [Doc. #23; #31]

6.      On June 18, 2010, Bumbo moved to dismiss its claims for breach of contract and preliminary injunction. [Doc. # 41] In turn, on June 23, 2010, Wartburg objected to Bumbo's motion to dismiss its claims and requested that Bumbo's claims be dismissed *with prejudice*. [Doc. # 45]

7.      On November 1, 2010, in the matter styled *Bumbo International Trust f/k/a Jonibach Management Trust v. Wartburg Enterprises, Inc.*, Cause No. 10-11-12020, In the 9th Judicial District Court of Montgomery County, Texas (the "Second Lawsuit"), Bumbo filed the same breach of contract claim that was pending in the First Lawsuit. Stated differently, Bumbo had two lawsuits for the same cause of action pending against Wartburg –the First Lawsuit in this Court and the Second Lawsuit in State court. *Exhibit 1, Bumbo's Original Petition* (the "Second Lawsuit").

8.      On February 15, 2011, Bumbo's claims in the First Lawsuit were dismissed with prejudice. [Doc. # 86]

9.      On February 17, 2011, the Court dismissed Wartburg's counterclaims for fraud and quantum meruit in the First Lawsuit. [Doc. #87]

10.     On March 8, 2011, Wartburg asserted counterclaims against Bumbo in the Second Lawsuit for breach of contract, fraud and quantum meruit. *See Exhibit 2, Wartburg's First Amended Answer and Counterclaims*.

### III. ARGUMENT & AUTHORITIES

**A.  The Dismissal of Wartburg's Claims Should Be Without Prejudice**

11.     Although the Court dismissed Wartburg's fraud and quantum meruit claims, the Court did not specify whether those claims were dismissed with or without prejudice.  Therefore,

Wartburg seeks clarification as to the dismissal status of those claims. If the claims were meant to be dismissed without prejudice, then Wartburg is free to pursue its claims in the Second Lawsuit and an injunction is not necessary. Stated otherwise, a dismissal without prejudice will allow Wartburg to pursue his claims in another forum. Here, the dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) should be without prejudice. As a general rule, "[t]he federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive as to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 335 U.S. 41, 48 (1957). Moreover, with respect to the question of dismissal with prejudice, it has been said that "'it is recognized that the dismissal of a case with prejudice is a drastic remedy to be used only in those cases where a lesser sanction would not better serve the interests of justice." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) quoting *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970) (holding that it was an abuse of discretion to dismiss the plaintiff's case with prejudice).

12.     This case is not one in which Wartburg has had multiple opportunities to amend his complaint to state a claim upon which relief can be granted but did not succeed. *See Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 2002) (holding that a court is more likely to dismiss without leave to amend when the plaintiff has had opportunities to state a claim for relief but did not succeed). In fact, Wartburg only amended his counterclaims once. Accordingly, because the Court's dismissal of Wartburg's claims was silent on the prejudice issue, Wartburg requests that the Court make its dismissal without prejudice, so that Wartburg can pursue its claims for fraud and quantum meruit in the Second Lawsuit.

**B.      Wartburg's Motion for Injunction Against Bumbo**

### 1.  Legal Standard

13.     Under the All Writs Act, federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §1651(a). The All Writs Act, however, is limited by the Anti-Injunction Act, which provides that federal courts, "may not grant an injunction to stay proceedings in a State court *except as expressly authorized by Act of Congress, or where necessary in aid of jurisdiction, or to protect or effectuate its judgments.*" 28 U.S.C. §2283 (emphasis added). Indeed, federal courts cannot enjoin state court proceedings unless an injunction fits precisely within one of the Anti-Injunction's three designated exceptions. *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281 (1970). "The relitigation exception [the third exception] was designed to permit the federal court to prevent state litigation of an issue that previously was presented to and decided by a federal court. It is founded in the well-recognized concepts of *res judicata* and collateral estoppels." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988). Here, the Court should enjoin Bumbo from re-litigating, maintaining and prosecuting its claims for breach of contract filed in the 9th Judicial District of Montgomery County, Texas.

### 2.  The Relitigation Exception Standards are Met in this Case

14.     The Fifth Circuit courts "apply federal law to the question of the *res judicata* or collateral estoppel effect of prior federal court proceedings, regardless of the basis of federal jurisdiction in either the prior or the present action. *Jackson v. FIE Corp.*, 302 F.3d 515, 529 n. 58 (5th Cir. 2002). Under federal law, the preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." *Taylor v. Sturgell,* 553 U.S. 880 (2008);  (1980); *Oreck Direct, LLC v. Dyson, Inc.,* 560 F.3d 398, 401 (5th

Cir.2009). The purpose of these doctrines is to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication by preventing inconsistent decisions. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). Res judicata "insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *United States v. Shanbaum,* 10 F.3d 305, 310 (5th Cir.1994). Four elements must be met for a claim to be barred by res judicata: "'(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases.'" *Oreck*, 560 F.3d at 401 quoting *In re Ark-La-Tex Timber Co.,* 482 F.3d 319, 330 (5th Cir.2007). The elements of res judicata are met in this case.

### i. The Parties are Identical

15.     With respect to the first element for a claim to be barred by res judicata, there is no dispute that the parties in the First Lawsuit are identical to those in the Second  Lawsuit. To this end, in the First Lawsuit, the parties were Jonibach Management Trust and Wartburg Enterprises, Inc. *Exhibit 1; Exhibit 2*. In the Second Lawsuit, the parties are Bumbo International Trust f/k/a Jonibach Management Trust and Wartburg Enterprises, Inc. *Exhibit 1.* Accordingly, the parties in both lawsuits are Bumbo and Wartburg. Therefore, the first res judicata element is satisfied.

### ii.     Court of Competent Jurisdiction

16.     No dispute exists regarding the second element of res judicata. Undoubtedly, the Southern District of Texas was a Court of competent jurisdiction who had jurisdiction over

Bumbo and Wartburg. Bumbo chose to file its lawsuit in the Southern District of Texas and jurisdiction was not disputed. Therefore, no dispute exists to demonstrate the Southern District of Texas was not a Court of competent jurisdiction when it issued its Order dismissing Bumbo's claims. Additionally, Bumbo's filing of its own Motion for Injunction is further evidence that there is no dispute regarding this Court's jurisdiction over the issues. Thus, the second res judicata element is satisfied

### iii.   Bumbo's Claims Have Been Fully Adjudicated

17.     A dismissal **with prejudice** constitutes a final adjudication on the merits. *See Oreck*, 560 F.3d at 401; *See also  Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 n. 8 (5th Cir.1993) ("A dismissal which is designated 'with prejudice' is 'normally an adjudication on the merits for purposes of res judicata.'" (citation omitted). Here, on February 15, 2011, an Order was issued by the Southern District of Texas dismissing Bumbo's claim for breach of contract, *i.e.*, the distribution agreement, against Wartburg. [Doc. #86] Specifically, [a]ll of Bumbo's claims against Wartburg" as reflected in Bumbo's First Amended Complaint were dismissed **with prejudice.** [Doc#9] Therefore, a final judgment on the merits exists and the Court should grant Wartburg's motion for summary judgment.

### iv.  Bumbo Raised the Same Claim and Cause of Action in Both Lawsuits

18.     In determining whether the fourth element was satisfied, district courts apply the "transactional test," which "requires that the two actions be based on the same 'nucleus of operative facts.' " *In re Ark-La-Tex Timber Co.,* 482 F.3d 319, 330 (5th Cir.2007) quoting *Eubanks v. FDIC,* 977 F.2d 166, 171 (5th Cir. 1992). "[A] prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of

connected transactions, out of which the [original] transaction arose.'" *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 313 (5th Cir.2004) quoting *Petro-Hunt, LLC v. United States,* 365 F.3d 385, 395-96 (5th Cir. 2004). What constitutes a "transaction" or a "series of transactions" is determined by weighing various factors such as "'whether the facts are related in time, space, origin, or motivation [;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Davis,* 383 F.3d at 313 (quoting *Petro-Hunt,* 365 F.3d at 395-96). Here, a comparison of Bumbo's complaint in the First Lawsuit and petition in the Second Lawsuit, reveals that Bumbo's claims are part of the same nucleus of operative facts and the same transaction or series of transactions.

### Bumbo's First Breach of Contract Claim

19.    In Bumbo's First Lawsuit, Bumbo based its breach of contract claim on the following facts:

- "Since 2003, Wartburg has been one of the distributor's of [Bumbo's] products in the United States", including the distributor to Wal-Mart, Toys "R" Us, and Babies "R" Us. [Doc. #1, ¶ 9*; Doc. 9, ¶ 9]

- The relationship between Bumbo and Wartburg "deteriorated because of Wartburg's failing to pay Bumbo in a timely manner." *Id*. at *¶ 10.*

- "Wartburg did not reduce its balance to a level acceptable to Bumbo" and Bumbo "was unable to secure any real assurance of payment from Wartburg." *Id*. at *¶ 11.*

- Bumbo shipped its products to Wartburg to be supplied to Wal-Mart, Toys "R" Us, and Babies "R" Us. *Id*. at *¶ 13.*

- Wartburg refused to "carry through with its responsibilities and supply the products to those retailers." *Id*. at *¶ 13.*

Based on the foregoing facts, Bumbo sued Wartburg for breaching the distributorship agreement to supply products to Wal-Mart, Toys "R" Us, and Babies "R" Us.

**Bumbo's Second Breach of Contract Claim**

20.     In the Second Lawsuit, Bumbo bases its breach of contract claim on the following

facts:

- Bumbo and Wartburg "have been engaged in on-going business dealings since 2003, at which time Wartburg became a distributor of Bumbo's products in the United States." *Exhibit 1, ¶ 6.*

- "Wartburg has distributed Bumbo's products to Wal-Mart, Toys "R" Us, and Babies "R" Us." *Id.*

- "In the regular course of business transactions, Wartburg would generally place an order for shipment of products from Bumbo." *Id.*

- "Bumbo would ship the products to Wartburg." *Id.*

- "Wartburg would then distribute the products to the end retailers." *Id.*

- "Pursuant to the terms of the agreement between the parties, payment for the products was due within 60 days of the date reflected on the respective invoice issued by Plaintiff to Defendant." *Id.*

- Beginning in or around September 2009, Wartburg ceased to make any payment on the Commercial Invoices that were submitted to them for the products that were shipped" by Bumbo. *Id.* at *¶ 7.*

- Based on these facts, Bumbo sued Wartburg for breach of contract for failing to pay for products ordered from Bumbo. *Id.* at *¶10-15.*

21.     Under the transactional test's considerations, the claims asserted by Bumbo in the

First Lawsuit and the claims alleged in the Second Lawsuit constitute a series of connected

transactions and are the same claim. Indeed, the breach of contract claims in both lawsuits are

based upon the distribution agreement and the course of dealing that began between the parties in

2003. In the First Lawsuit, Bumbo alleged that Wartburg breached the distribution agreement

contract by refusing to sell Bumbo's products to certain retailers. Similarly, in the Second

Lawsuit, Bumbo alleges that Wartburg breached the same distribution agreement by failing to pay for products that Bumbo shipped it to provide to certain retailers. Based on the facts surrounding the breaches of the distribution agreement in both cases, it is clear that the claims in both are (1) based on the same nucleus of operative facts (the existence of the distributorship agreement between Bumbo and Wartburg); and (2) the same transaction or series of transactions (Bumbo's shipment of baby products to Wartburg).

22.     Moreover, the claims in the Second Lawsuit are so connected in time and space with the claims in the First Lawsuit, they could have and should have, been brought in the First Lawsuit to create a single, convenient trial unit. Res judicata "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its form adjudication." *Davis*, 383 F.3d at 314 quoting *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5th Cir.1983). Bumbo's claim in the First Lawsuit acknowledges that it was aware of Wartburg's failure to pay for products. As such, Bumbo could have and should have included its additional breach of contract claim in the First Lawsuit.

23.     Accordingly, the fourth element of res judicata is satisfied because Bumbo's breach of contract claim in the First and Second Lawsuit are based on the same set of facts and the same cause of action was asserted. Therefore, the Court should grant Wartburg's Motion for Injunction.

## IV. REQUEST FOR RELIEF

WHEREFORE, Defendant Wartburg Enterprises, Inc., respectfully requests that this Court find that its dismissal of Wartburg's claims was without prejudice, enjoin Bumbo's breach of contract claim now pending in the 9th Judicial District of Montgomery County, Texas, and for all other relief the Court deems appropriate.

Respectfully submitted,

**Lubel Voyles LLP**


By:  /s/ Adam Q. Voyles
      Adam Q. Voyles
      Texas State Bar No.: 24003121
      5020 Montrose Blvd., Suite 800
      Houston, Texas 77006
      Telephone No.: (713) 284-5200
      Facsimile No.: (713) 284-525-5250
      Email: adam@lubelvoyles.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Wartburg's Response to Bumbo's Motion for Injunction and Motion for Injunction Against Bumbo* has been forwarded to all known counsel of record listed below via the Court's ECF filing system, certified mail, return receipt requested, facsimile, email or hand delivery on this the 27th day of April, 2011.


/s/ Adam Q. Voyles

11