UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Wartburg Enterprises, Inc., *Plaintiff*, | § § § § | |
| v. | § § | Civil Action No. 4:10-cv-600 |
| Jonibach Management Trust *Defendant*. | § § § § | |

## BUMBO'S REPLY TO WARTBURG'S RESPONSE TO BUMBO'S MOTION FOR INJUNCTION

TO THE HONORABLE MELINDA HARMON, U.S. DISTRICT JUDGE:

Jonibach Management Trust, trading as Bumbo International, ("Bumbo") respectfully files this Reply to Wartburg Enterprises, Inc. ("Wartburg") Response to Bumbo's Motion for Injunction.

### I. INTRODUCTION

Wartburg's Response fails to raise any colorable argument against the Court enjoining its attempts to re-litigate claims that this Court has already dismissed. The only argument Wartburg makes is that the Court's previous dismissal of the claims should be without prejudice. Wartburg makes this argument without providing the Court with any legal support for this position, and entirely ignores the controlling precedent Bumbo cited in its Motion for Injunction that unequivocally shows that a Rule 12(b)(6) dismissal is an adjudication on the merits, and is a

dismissal with prejudice. Therefore, Bumbo's Motion for Injunction should be granted.[1]

## II. ANALYSIS

Wartburg appears to concede that if its claims for fraud and *quantum meruit* have been dismissed with prejudice, it should be barred from pursuing those claims in its state court action. In its Response, Wartburg "seeks clarification as to the dismissal status of those claims[,]" asking the Court to clarify whether the dismissal of those claims was with or without prejudice. [Dkt. 96 at ¶ 11] No such clarification is needed, as the law regarding 12(b)(6) dismissals is abundantly clear, as established by the controlling precedent Bumbo cited in its Motion for Injunction.

A "dismissal for failure to state a claim, pursuant to Rule 12(b)(6), **is with prejudice**." *Sepulvado v. La. Bd. of Pardons & Parole*, 114 Fed. Appx. 620, 622 (5th Cir. 2004) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)) (emphasis added). Moreover, a dismissal for failure to state a claim is a **judgment on the merits for purposes of res judicata**. *Hall v. Hodgkins*, 305 Fed. Appx. 224, 228 (5th Cir. 2008). The law on the issue is absolutely clear. There is nothing that needs to be clarified.

Wartburg argues that, when the Court dismissed Wartburg's claims for fraud and *quantum meruit* under Rule 12(b)(6), it should have done so without prejudice. Wartburg fails to explain why the Court should ignore well-established, controlling precedent by doing do.

Wartburg cites a handful of cases, and suggests that those cases support its argument that the dismissal of its claims for fraud and *quantum meruit* should have been without prejudice. It is remarkable that even after a cursory review of the cases cited by Wartburg, the decision was made to use them in support of their argument, given that they are so far off-point from this case.

---

[1] Combined with Wartburg's Reply to Bumbo's Motion for Injunction is Wartburg's own motion seeking to enjoin Bumbo from pursuing a separate claim for Suit on a Sworn Account. [Dkt. 96] This Motion is entirely without merit. Because Wartburg's Motion for Injunction deals with a completely separate issue, Bumbo will file a separate response to that Motion.

Wartburg first cites *Conley v. Gibson*, 355 U.S. 41, 48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957). [Dkt. 96 at ¶ 11]  *Conley* has absolutely nothing to do with the issue at hand; it dealt with whether or not a trial court should have granted a 12(b)(6) motion.  We are well past that stage.  Moreover, *Conley* has been overruled by the United States Supreme Court. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Wartburg next cites *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).  [Dkt. 96 at ¶ 11]  This too is a strange case for Wartburg to cite because it has also nothing to do with the issue.  The holding in *Hitt* was that "[w]here both lack of jurisdiction and failure to state a claim upon which relief may be granted exist as grounds for dismissal apply, the court should dismiss only on the jurisdictional ground under Fed. R. Civ. P. 12(b)(1) without reaching the question of failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  *Id*. at 608.  In fact, in dicta, the *Hitt* decision supports Bumbo's position that a 12(b)(6) dismissal is with prejudice.  *See id*.

Finally, Wartburg cites *Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 2002).  This case too deals with an entirely distinct issue—whether the trial court should have granted a 12(b)(6) motion to dismiss.  It has nothing do with whether a Rule 12(b)(6) dismissal is with or without prejudice, which is the issue at hand.

### III. CONCLUSION

In summary, none of Wartburg's cases justify its request that the Court ignore the binding Fifth Circuit precedent holding that a Rule 12(b)(6) dismissal is with prejudice, and constitutes a judgment on the merits for purposes of res judicata.  Bumbo has met its burden, and requests the Court to issue an injunction against Wartburg pursuing its claims for fraud and *quantum meruit* in any other action, and specifically, in the State Court counterclaim that it recently filed in the 9th Judicial District of Montgomery County, Texas.

Furthermore, to avoid inconsistent state and federal rulings and unnecessary expense, which may result from efforts to resolve this matter through extensive motions in the state court action, Bumbo hereby requests expedited consideration of this Motion.

## IV. PRAYER

WHEREFORE, Jonibach Management Trust, trading as Bumbo International respectfully requests that the Court enter an Order enjoining Wartburg from pursuing its claims for fraud and *quantum meruit* in any other action, and specifically, in the State Court counterclaim that it recently filed in the 9th Judicial District of Montgomery County, Texas, and that Jonibach Management Trust, trading as Bumbo International be granted such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

**DOYEN SEBESTA, LTD., L.L.P.**

/s/ *Philip Robert Brinson*
_____
Philip Robert Brinson
Texas Bar No. 00787139
Federal Bar No. 16803
450 Gears Road, Suite 350
Houston, Texas 77067
Telephone: (713) 580-8900
Facsimile: (713) 580-8910
pbrinson@ds-lawyers.com

ATTORNEY FOR
JONIBACH MANAGEMENT TRUST