UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Wartburg Enterprises, Inc., <br> *Plaintiff*, <br> <br> v. <br> <br> <br> <br> Jonibach Management Trust <br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:10-cv-600 |

**BUMBO'S RESPONSE TO
WARTBURG'S MOTION FOR INJUNCTION**

TO THE HONORABLE MELINDA HARMON, U.S. DISTRICT JUDGE:

Jonibach Management Trust, trading as Bumbo International, ("Bumbo") respectfully files this Response to Wartburg Enterprises, Inc.'s ("Wartburg") Motion for Injunction. Specifically, Wartburg's motion is without merit and fails to raise a colorable argument to enjoin Bumbo from suing Wartburg in state court for Suit on a Sworn Account relating to written purchase orders, invoices, and other documents confirming Wartburg's obligations for payment of Wartburg's purchase of product delivered to it by Bumbo.

**I. SUMMARY OF BUMBO'S RESPONSE**

Bumbo filed a Suit on Sworn Account against Wartburg in Montgomery County state court. That action is solely based on Wartburg's failure to pay for product ordered from Bumbo through several written purchase orders. Wartburg has asked the Court to enjoin Bumbo from prosecuting the state court action. It argues that the state court action is for the "very same breach of contract claim [asserted in this action] that was dismissed *with prejudice* by this Court

in February 2011." Wartburg's argument is demonstrably incorrect for a very simple reason. The breach of contract claim Bumbo originally asserted in this case is entirely distinct from the breach of contract claim it is asserting in the state court action. In fact, the two claims do not even arise from the same contract—the breach of contract claim asserted in this case arose out of Wartburg's breach of the oral distributorship agreement; the claim asserted in state court stems from Wartburg's breaches of several written purchase orders for Bumbo's products. Even a cursory comparison of Bumbo's Complaint in this case and Petition in the state court case should clearly reveal that the two are indeed very distinct claims. Res judicata is not implicated and there is no reason or basis for the Court to enjoin Bumbo's state court claim.

## II. RELEVANT BACKGROUND

This action started as a contract dispute between Bumbo and Wartburg. Wartburg was a supplier of Bumbo's products in the United States. After a disagreement between the parties led to the end of their business relationship, Wartburg indicated that it would not use its stock of Bumbo's products to meet the inventory needs of Bumbo's major retailers.

Bumbo filed suit seeking specific performance and the issuance of a preliminary injunction, which the Court granted. [Dkt. 8]. Importantly, Bumbo made a very specific and limited claim against Wartburg. [Dkt. 1]. Bumbo *only* sued Wartburg for breach of the parties' oral distributorship agreement, and sought to have Wartburg distribute Bumbo's products to the retailers. [Dkt. 1 and Dkt. 3]. Indisputably, the action *did not* make any claims related to Wartburg's nonpayment for product it had ordered. [Dkt. 1 and Dkt. 9]. Bumbo's prayer for relief was clear as to its request for the Court to enter judgment against Wartburg for specific performance under the parties' distribution agreement. [Dkt. 9] Following Wartburg's compliance with the injunction and distribution of its entire stock of Bumbo's products to the

retailers, Bumbo moved to dismiss its claim against Wartburg as being moot [Dkt. 41], which the Court granted on February 16, 2011. [Dkt. 86]. Specifically, the Court ordered that "[a]ll of Bumbo's claims against Wartburg, *as reflected in its First Amended Complaint* (Doc. 9) are DISMISSED with PREJUDICE." [Dkt. 86 (emphasis added)].

In November 2010, several months had passed since the parties' relationship ended and Wartburg yet owed Bumbo over $1 Million for product it had ordered and received from Bumbo through several written purchase orders. Therefore, Bumbo filed suit against Wartburg to collect the amount owed. [Dkt. 96-1; pp. 1-56]. Bumbo chose to proceed in state court because of the simplified Suit on Sworn Account debt collection procedure afforded under the Texas Rules, but not available under the Federal Rules. In the state court action, Bumbo *only* seeks to collect the amount owed on the unpaid purchase orders. [Dkt. 96-1]. The state court action does not assert any claims related to the oral distributorship agreement, and does not seek specific performance of any sort. [Dkt. 96-1].

Wartburg has asked the Court enjoin Bumbo from prosecuting its state court action. It argues that the state court action asserts the "very same breach of contract claim [asserted in this action] that was dismissed *with prejudice* by this Court in February 2011." [Dkt. 96, ¶ 1]. As Bumbo clearly demonstrates, this is an obviously false assertion. The two claims, while both sounding in contract, are entirely distinct. There is absolutely no res judicata issue presented. Wartburg's Motion for Injunction should be denied.

### III. LEGAL ANALYSIS

Wartburg's sole basis for seeking the injunction is its argument that Bumbo's claim in the state court action is the same claim that it asserted in this action. Blatantly incorrect assertions such as this only serve to cast doubt on whether Wartburg can fulfill its duty of candor to the

Court. For res judicata to apply, the same claim or cause of action must be involved in both cases. *See Oreck Direct, LLC v. Dyson, Inc.,* 560 F.3d 398 (5th Cir. 2009). This element has not been met.

Wartburg selectively cites case law regarding this issue. Wartburg correctly states that, in determining whether the prior and current suits involve the same cause of action, the Fifth Circuit uses a "transactional" test and looks to whether the two actions are based on the same nucleus of operative facts in determining whether the prior and current suits involve the same cause of action. However, Wartburg omits key language regarding the application of this test.

"Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, *out of which the [original] action arose*.'" *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. Tex. 2004) (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004)) (emphasis added). "[T]he application of res judicata has been limited to issues of fact or law necessary to the decision in the prior judgment." *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007) (quoting *Rhoades v. Penfold*, 694 F.2d 1043, 1048 (5th Cir. 1983)).

Whether Wartburg owes Bumbo money for products it had ordered or how much money it owes simply cannot be characterized as the *operative* facts out of which Bumbo's federal action arose. Bumbo's claim in this Court arose out of one specific event: Wartburg's refusal to distribute product to retailers. That was the extent of Bumbo's breach of contract claim. How much of a trade debt Wartburg had amassed over the years had absolutely no bearing on this issue. Even if Wartburg had been completely up-to-date on its payments, that would not have been any impediment to Bumbo asserting its claim arising out of Wartburg's refusal to distribute

product to retailers. Conversely, Bumbo's state court claim has nothing to do with, and is entirely unaffected by Wartburg's refusal to distribute product to retailers. Those are not the *operative* facts upon which Bumbo's state court claim is based. Simply put, these are entirely different claims.

In an attempt to establish similarities between Bumbo's federal and state court claims, Wartburg extracts various statements from the background sections of Bumbo's federal court complaint and state court petition. Wartburg then argues that, because there is overlap of the extraneous background information, the claims in the complaint and petition must be the same. [Dkt. 96, ¶¶ 19-20]. Wartburg's reasoning is erroneous. It is true that both, Bumbo's federal Complaint and state court Petition, include extraneous background information regarding the relationship of the parties, the nature of their businesses, the regular course of dealing over the years, etc. However, merely listing extraneous background information to paint a complete picture for the benefit a court does not cause those facts to become *operative* facts, which is what is required for res judicata. There is no legal support for such an approach.

In sum, Wartburg has not met its burden. It has not even come close to showing that the two claims at issue arise from the same nucleus of operative facts. As noted before, "the application of res judicata has been limited to issues of fact or law necessary to the decision in the prior judgment." *In re Ark-La-Tex Timber Co.*, 482 F.3d at 330. Wartburg has not shown how the issues of fact or law in the state court action—whether Wartburg owes Bumbo money and how much it owes—could have been "necessary" to the determination of Bumbo's federal court claim. As Bumbo has demonstrated, the federal and state actions are entirely distinct. Res judicata does not apply and Wartburg's Motion for Injunction must be denied.

## III. PRAYER

WHEREFORE, Jonibach Management Trust, trading as Bumbo International respectfully requests that the Court deny Wartburg's Motion for Injunction and that Jonibach Management Trust, trading as Bumbo International be granted such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

**DOYEN SEBESTA, LTD., L.L.P.**

/s/ *Philip Robert Brinson*
_____
Philip Robert Brinson
Texas Bar No.: 00787139
Federal Bar No.: 16803
450 Gears Road, Suite 350
Houston, Texas 77067
Telephone:   (713) 580-8900
Facsimile:    (713) 580-8910
pbrinson@ds-lawyers.com

ATTORNEY FOR
JONIBACH MANAGEMENT TRUST