UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONIBACH MANAGEMENT TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-600 |
| | § | |
| WARTBURG ENTERPRISES, INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court are Plaintiff and Counter-Defendant Jonibach Management Trust, trading as Bumbo International's ("Bumbo") and Defendant and Counter-Plaintiff Wartburg Enterprise, Inc.'s ("Wartburg") motions for injunctions. Docs. 93, 96, 97. [1] Bumbo has also filed a Request for Hearing or For Status Conference on Bumbo's Motion for Injunction (Doc. 102). Wartburg has also filed a motion (Doc. 106) to dismiss without prejudice its breach of contract counterclaim against Bumbo, which Bumbo opposes.

Background

Bumbo, a South African seller of infant products, sold plastic baby seats to its United States distributor, Wartburg, which in turn supplied them to major retailers including Wal-Mart, Toys "R" Us, and Babies "R" Us. This relationship was governed by an oral distributorship agreement under which Wartburg ordered and took possession of Bumbo's products in South Africa and then shipped the goods to the U.S. for distribution to major retailers. Doc. 30 at 3. As a result of the deteriorating relationship between Bumbo and Wartburg, Bumbo threatened to engage another United States distributor. Wartburg retaliated by ceasing distribution of Bumbo's products to Wal-Mart, Toys "R" Us, and Babies "R" Us.

---

[1] Documents 96 and 97 are identical.

On February 25, 2010, Bumbo filed a complaint against Wartburg seeking specific performance of the oral distribution agreement and the issuance of a preliminary injunction requiring Wartburg to distribute Bumbo's baby seats to certain U.S. retailers. Docs. 1, 3. The temporary injunction was granted. Doc. 8.

On March 12, 2010, Wartburg filed a counterclaim against Bumbo for breach of contract, fraud, and *quantum meruit*. Doc. 15. In response to Bumbo's motion to dismiss (Doc. 23), Wartburg filed an amended counterclaim. Doc. 31.

On June 18, 2010, Bumbo, citing the resolution of the issues, moved to dismiss its claim for breach of contract and preliminary injunction. Doc. 41. Wartburg moved that Bumbo's claims be dismissed with prejudice. Doc. 45. On February 16, 2011, the Court dismissed with prejudice "[a]ll of Bumbo's claims against Wartburg, as reflected in its First Amended Complaint" and lifted the temporary injunction against Wartburg. Doc. 86 at 1. On February 17, 2011, the Court granted Bumbo's Rule 12(b) (6) motion to dismiss Wartburg's fraud and *quantum meruit* counterclaims against Bumbo. Doc. 87. Wartburg retained his counterclaim for breach of contract.

In November, 2010 Bumbo filed suit against Wartburg in the 9th Judicial District Court of Montgomery County, Texas. No. 10-11-12020. In that action, Bumbo sought, in a suit on a sworn account, to collect unpaid invoices it alleged were owed as a result of products Bumbo provided to Wartburg. Bumbo maintains that it "chose to proceed in state court because [of] the simplified Suit on Sworn Account debt collection procedure afforded under the Texas Rules, but not available under the Federal Rules." Doc. 93 at 2. On March 8, 2011, Wartburg asserted counterclaims against Bumbo in the state action for breach of contract, fraud, and *quantum meruit.* Doc. 97-2.

On March 7, 2011, Bumbo filed a motion in this Court, requesting that the Court "enjoin Wartburg from suing Bumbo in state court for the very claims that the Court has dismissed when it partially granted Bumbo's 12(b)(6) Motion to Dismiss." Doc. 93 at 1. Shortly after, Wartburg responded to Bumbo's motion and, citing *res judicata*, filed its own motion for an injunction, requesting that the Court "enjoin Bumbo's state court claim for breach of contract filed in the 9th Judicial District of Montgomery County, Texas." Doc. 97 at 1.

On August 24, Wartburg filed its motion to dismiss without prejudice its remaining claims against Bumbo, "because Bumbo has filed this same lawsuit in [state court] . . . [and] Wartburg seeks to avoid the cost of litigating this case in two [*fora*]." Doc. 106 at 1. Bumbo opposed the motion to dismiss.

 Discussion

Bumbo's Motion for Injunction (Doc. 93) and Request for Hearing or for Status Conference on Bumbo's Motion for Injunction (Doc. 102) are moot.  On September 1, 2011 the Honorable Fred Edwards, Judge of the 9th Judicial District Court of Montgomery County, Texas stayed Wartburg's counterclaims in Cause No. 10-11-12020, *Bumbo International Trust f/k/a Jonibach Management Trust v. Wartburg Enterprises, Inc.* Doc. 108-1. [2]

Wartburg's Motion for Injunction Against Bumbo (Docs. 96 and 97) seeks to enjoin Bumbo's suit on a sworn account filed in Montgomery County because Bumbo's breach of contract cause of action was dismissed in this Court, with prejudice, on February 15, 2011 (Doc. 86).  Wartburg argues that the breach of contract case Bumbo filed in Montgomery County is subject to the bar of *res judicata*.

In the Fifth Circuit there are four elements that must be met before a claim can be barred

---

[2] Although Wartburg argues in its reply to Bumbo's response to the motion to dismiss (Doc 113) that the counterclaims cannot be considered stayed because Wartburg filed motions for reconsideration and to lift the stay, there has been no notice to this Court that Judge Edwards has lifted the stay.

by *res judicata*.

> "(1) the parties must be identical in the two actions;  (2) the prior judgment must have been rendered by a court of competent jurisdiction;  (3) there must be a final judgment on the merits.  (4) the same claim or cause of action must be involved in both cases.

*Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009), quoting *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th 2007)

There is no dispute that the parties are identical and this court is one of competent jurisdiction.  There is no dispute that Bumbo's claims against Wartburg that are reflected in Bumbo's First Amended Complaint (Doc. 9) were dismissed with prejudice on February 15, 2001.

The dispute is whether Bumbo raised the same claim in the instant federal suit as it has in the state suit.  Bumbo responds that the breach of contract claim it asserted in federal court is distinct from the breach of contract claim it is asserting in state court. Doc. 100, at 2.

In determining whether the fourth element is satisfied district courts in the Fifth Circuit apply the "transactional test," which means that "the two actions be based on the same 'nucleus of operative facts.'"  *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007) quoting *Eubanks v. FDIC*, 977 F.2d 166, 171 (5th Cir. 1992).  "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'"  *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309,313 (5th Cir. 2004), quoting *Petro-Hung, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004).  "[T]he application of *res judicata* has been limited to issues of fact or law necessary to the decision in the prior judgment." *In re Ark-La-Tex Timber Co.*, 482 F. 3d at 330, quoting *Rhoades v. Penfold*, 694 F.2d 103, 1048 (5th Cir. 1983)

The claims asserted in the two cases do not arise from the same contract. The original complaint was filed in federal court on February 25, 2010 (Doc. 1) and amended March 4, 2010 (Doc. 9). In the federal case the contract claim arose out of the breach of the oral distributorship agreement between Bumbo and Wartburg, whereas the claims asserted in the state court arose out of "several written purchase orders for Bumbo's products." *Id.* In the federal suit Bumbo sought specific performance of the oral contract and a temporary injunction that Wartburg distribute Bumbo's products to the retailers. *Id*. After Wartburg complied with the injunction and distributed the products to the retailers, Bumbo moved that its case be dismissed. *Id*. at 1-2.

In the state suit, filed in November 2010, Bumbo sought from Wartburg payment for Bumbo products that Wartburg had ordered from Bumbo. In paragraph 6 of Plaintiff's Original Petition Bumbo alleges that Bumbo and Wartburg

> have been engaged in ongoing business dealings since 2003. . . . In the regular course of business transactions between the parties, Wartburg would generally place an order for shipment of products from Bumbo via a written purchase order, or other similar document, reflecting the quantity and specification of the products ordered. In response to the Purchase Order or other similar documents issued by Wartburg, Bumbo would ship the products to Wartburg. A systematic record of the business transactions was maintained for these shipments. Bumbo would typically issue Commercial Invoices contemporaneously with the shipment that would reflect the quantity, general description, and cost of the products that were shipped to Wartburg. Wartburg would then distribute the products to the end retailers. Pursuant to the terms of the agreement between the parties, payment for the products was due within 60 days of the date reflected on the respective invoice issued by Plaintiff to Defendant. Alternatively, pursuant to Section 2.310(a) of the Tex. Bus. & Com. Code Ann., payment of the goods was due at the time of delivery.

Doc. 97-1, at 2 and 3.

The Original Petition further alleges that "beginning in on or around September 2009, Wartburg ceased to make any payment on the Commercial Invoices that were submitted to them

for the products. . . ." Attached to the Original Petition as Exhibit A are copies of the purchase orders and other supporting documents and as Exhibit B, a summary of the purchase orders or other written orders from Warburg. Doc. 97-1, at 9-56. The Original Petition is supported by the sworn affidavit of Annatjie Haasbroek, trustee for Bumbo International Trust, signed October 27, 2010

In the federal case Bumbo's claim arose out of the event of Wartburg's refusal to distribute Bumbo's products to retailers, pursuant to an oral distribution agreement. In the state case Bumbo is suing for money owed to it pursuant to purchase orders and other similar documentation. These claims are not based on the same nucleus of operative facts. The doctrine of *res judicata* does not apply to the claims raised in the state district court in Montgomery County. Wartburg's Motion for an Injunction Against Bumbo (96,97) will be denied.

This case has been pending in this federal district court since February 25, 2010. There have been many man hours spent on the issues raised herein. The trial has been delayed several times in order for the Court to rule on the many pending motions. The parties have engaged in extensive discovery. The Court believes it would be a discourtesy to the Presiding Judge of the 9th Judicial District of Montgomery County, Texas as well as an injudicious act on this Court's part to grant Wartburg's Motion to Dismiss without prejudice at this point in the proceedings. Accordingly, it is hereby

**ORDERED** that Jonibach Management Trust's Motion for Injunction (Doc. 93) is **MOOT**. It is further

**ORDERED** that Wartburg Enterprises, Inc.'s Motion for Injunction Against Bumbo (Docs. 96, 97) is **DENIED.** It is further

**ORDERED** that Jonibach Management Trust's Request for Hearing or for Status

Conference on Bumbo's Motion for Injunction (Doc. 102) is **MOOT**.  It is further

      **ORDERED** that Wartburg Enterprises, Inc.'s Opposed Motion to Dismiss Without Prejudice is **DENIED**.

      SIGNED at Houston, Texas, this 21st day of March, 2012.

                                            */s/ Melinda Harmon*
                                            MELINDA HARMON
                                        UNITED STATES DISTRICT JUDGE