```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION

JONIBACH MANAGEMENT TRUST,      §
                                §
              Plaintiff,        §
                                §
VS.                             §   CIVIL ACTION H-10-600
                                §
WARTBURG ENTERPRISES, INC.,     §
                                §
              Defendant.        §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause for breach of contract is Defendant/Counter-Plaintiff Wartburg Enterprises, Inc.'s ("Wartburg's") motion for new trial (instrument #132) under Federal Rule of Civil Procedure 59.

Wartburg argues that in its Opinion and Order of September 7, 2012 (#129) this Court erred in dismissing Wartburg's counterclaim for breach of contract based on its failure to satisfy the statute of frauds because the order was contrary to an earlier factual finding in the Court's Opinion and Order of March 2, 2010 (#8), granting injunctive relief against Wartburg to Plaintiff/Counter Defendant Jonibach Management Trust, trading as Bumbo International ("Bumbo"), a South African seller of infant products. Specifically, in granting a preliminary injunction to Bumbo against Wartburg, the Court found that Bumbo and Wartburg had an enforceable oral distributorship agreement evidenced by a clear course of dealing over several years, pursuant to which Bumbo sold

-1-

plastic baby seats to Wartburg, which in turn took possession of them in South Africa, shipped them to the United Sates, and distributed them to major retailers in the United States, including Wal-Mart, Toys "R" Us and Babies "R" Us.  The relationship had soured, with Bumbo complaining that it was not being paid and informing Wartburg that it was seeking another U.S. distributor.  Wartburg retaliated by ceasing to distribute Bumbo's products to Wal-Mart, Toys "R" Us, and Babies "R" Us.  Bumbo filed this action for breach of contract, claiming the agreement required Wartburg to sell its stock only to Wal-Mart, Toys "R" Us, and Babies "R" Us and sought preliminary injunctive relief, which the Court granted based on its determination that there was an enforceable oral distribution agreement between the parties.[1]  In its final summary judgment dismissing Wartburg's counterclaim that Bumbo breached the contract which Wartburg claimed did not require Warburg to sell its stock exclusively to Wal-Mart, Toys "R" Us, and Babies "R" Us, the Court found that the agreement failed to satisfy the statute of frauds.  Wartburg argues that the Court's rulings are inconsistent, that it cannot correctly rule that the same contractual terms that it found enforceable by Bumbo against Wartburg were not enforceable by Wartburg against Bumbo, i.e., that the oral agreement that it enforced earlier and that cost Wartburg money damages is not

---

[1] The Court subsequently dismissed Bumbo's claims with prejudice pursuant to a motion from Wartburg and Bumbo's agreement on February 16, 2011.  #86.

enforceable now under the statute of frauds against Bumbo, without giving Warburg an opportunity to recover the money it lost as a result of Bumbo's erroneous contention that the agreement was exclusive.

## Standard of Review

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)(*quoting Simon v. United States*, 891 F.3d 1154, 1159 (5th Cir. 2003)). It also cannot be used to re-litigate issues "that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001). Altering, amending or reconsidering a judgment is an extraordinary measure that should rarely be granted and only when there is (1) an intervening or change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A court has considerable discretion in determining whether to reopen a case in response to

a motion for reconsideration under Rule 59(e). *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 N.14 (5th Cir. 1994)(*en banc*). In such a circumstance the court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999), *cert. denied*, 529 U.S. 1019 (2000).

In response (#133), Bumbo argues that Wartburg's motion for new trial should be denied because it fails to demonstrate any manifest error of law or fact nor present any newly discovered evidence. Instead it "summarily regurgitates its judicial estoppel argument which was directly addressed by this Court in its summary judgment Opinion and Order. (Compare Doc. # 129 at p. 6 6o Doc. #132 at ¶ 16.)." The Court concluded that Wartburg's breach of contract counterclaim[2] did not arise out of the initial agreement which was the subject of the preliminary injunction, but as a

---

[2] Wartburg also brought counterclaims for fraud and quantum meruit the Court dismissed with prejudice. #86.

result of an alleged oral modification or subsequent agreement. Moreover it found that Wartburg presented no written evidence of this contract modification.

In reply (#134), Wartburg insists it was the same contract and that if the statute of frauds applies to any part of the oral contract, it applies to all of it. If the oral contract was enforceable against Wartburg, it is enforceable against Bumbo. Moreover, if the Court finds there was no enforceable oral contract between the parties, Wartburg seeks an opportunity to pursue Bumbo for damages it incurred by being forced to sell its Bumbo baby seat inventory to Wal-Mart, Toys "R" Us, and Babies "R" Us when it could have sold them to other retailers for a greater profit.

In a sur-reply (#135), Bumbo points out that in its response to Bumbo's motion for summary judgment (#120 at p.83), Wartburg conceded that "[o]ver time . . . the arrangement between Bumbo and Wartburg changed." The Court in its Opinion and Order of September 7, 2012 (#129 at pp. 6-7) addressed Wartburg's argument that the contract remained the same; the Court made clear that the initial oral agreement was distinct from the later, unproven oral modification, which it found did not satisfy the statute of fraud and was thus unenforceable. Furthermore the injunction order dealt with goods that had already been delivered by Bumbo and accepted by Wartburg and thus were not subject to the statute of frauds. Tex. Bus. & Com. Code § 2.201(c)(3)("A contract which does not satisfy

the [the writing] requirements of Subsection (a) but which is valid in other respects is enforceable. . . with respect to goods for which payment has been made and accepted or which have been received and accepted."). Wartburg had received and accepted Bumbo's baby seats at that time. Finally, Bumbo argues that Wartburg's attempt to revive its quantum meruit claims, which were dismissed in the Court's Opinion and Order of February 17, 2011 (#87), is untimely and not supported by law or evidence.

The Court fully agrees with Bumbo on all these points. Accordingly, the Court

ORDERS that Wartburg's motion for new trial (#132) is DENIED.

**SIGNED** at Houston, Texas, this 22nd day of May, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE